# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**ELVIS L. HILLIARD**,

Debtor.

Case No.  **12-60309-13**

# MEMORANDUM OF DECISION

At Butte in said District this 26ᵗʰ day of September, 2012.

Pending in this Chapter 13 case is the Debtor's Objection (Docket No. 20) to Proof of Claim No. 2 filed by the Montana Department of Labor & Industry Employment Relations Division, Uninsured Employers Fund ("UEF") on the grounds the claim is not a nondischargeable tax debt to a government unit under 11 U.S.C. § 507(a)(8)(C).  A hearing on Debtor's Objection was held at Missoula on July 12, 2012.   Debtor was represented by attorney Michael A. Klinkhammer of Missoula.  The UEF was represented by attorney Joseph Nevin.  No testimony or exhibits were admitted.  The Court heard statements of counsel, then granted the parties time to file stipulated facts and briefs, which have been reviewed by the Court along with applicable law.  This matter is ready for decision.  For the reasons set forth below, a separate Order will be entered overruling the Debtor's Objection, and granting the Debtor time to file an amended plan.

This Court has jurisdiction of this Chapter 13 bankruptcy under 28 U.S.C. § 1334(a). Allowance or disallowance of UEF's claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).  At issue is whether, under the relevant Montana Workers' Compensation

1

Statutes, MONT. CODE ANN. §§ 39-71-101 *et seq*., a private creditor similarly situated to the State of Montana UEF can be hypothesized. *See, California Self-Insurers Security Fund v. Lorber Industries of California (In re Lorber)*, 564 F.3d 1098, 1102-03 (9th Cir. 2009); *George v. Uninsured Employers Fund (In re George)*, 361 F.3d 1157, 1162 (9th Cir. 2004). This Court concludes that the Debtor has failed to satisfy his burden to show that such a private creditor similarly situated to the government can be hypothesized, and therefore UEF's Proof of Claim 2 can be considered an excise tax under § 507(a)(8)(C) and Debtor's Objection must be overruled.

## FACTS

The parties filed a Stipulation of Facts setting forth the following agreed facts:

1) An employee of Elvis Hilliard was injured on November 11, 2010.

2) Mr. Hillard had no Worker's Compensation Insurance from March 2, 2010 through November 19, 2010.

3) UEF accepted the employee's claim for benefits on December 20, 2010.

4. Proof of Claim No. 2 totals [$]44,045.42 of which 38,696.19 is claimed to be entitled to priority. The claim includes interest and penalties.

Additional relevant facts are found by reference to the case docket. Debtor filed his Chapter 13 petition on March 7, 2012. On Schedule F Debtor lists two unsecured nonpriority claims owed to the UEF, one in the amount of $48,819.91 described as "Worker's Compensation" and the other in the amount of $6,200.83 described as "Amount Due Uninsured Employer's Fund."

Debtor filed a plan on March 21, 2012, and filed his Second Amended Plan on May 28, 2012. The Chapter 13 Trustee filed objections to confirmation, including an objection that

2

Debtor's Plan is not sufficiently funded to pay secured claims and priority claims including UEF.

## DISCUSSION

### A. § 507(a)(8)(C).

Debtor's Objection to UEF's Proof of Claim No. 2 is that it is not entitled to priority under § 507(a)(8)(C) which provides:

(a) The following expenses and claims have priority in the following order:

* * * *

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for –

* * * *

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

Debtor's brief cites the Ninth Circuit Bankruptcy Appellate ("BAP") decision *In re Hansen*, 470 B.R. 535 (9th Cir. BAP 2012) in support of his Objection.  In *Hansen*, referring to legislative history after finding § 507(a)(8)(C) ambiguous, the BAP concluded that unpaid California unemployment insurance taxes were not entitled to priority under § 507(a)(8)(C). *Hansen*, 470 B.R. at 543-44.  The instant case is distinguishable, since UEF's Proof of Claim No. 2 is based on unpaid Montana workers' compensation assessments against an uninsured employer, not unemployment insurance taxes.

This Court in 1995 decided that a Montana UEF assessment against an uninsured employer was a priority tax under § 507(a)(8)(C), after considering the 4-part test[1] from *County*

---

[1]That 4 part test set forth the following elements which characterize the exaction of a tax: "(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property; (b) imposed by, or under authority of the legislature; (c) for public purposes, including the purposes

3

*Sanitation District Number 2 v. Lorber Industries (In re Lorber Industries. of California)*, 675 F.2d 1062, 1066 (1982). *In re Waldo*, 186 B.R. 118, 123-25 (Bankr. D. Mont. 1995), *aff'd.*, 15 Mont. B.R. 263, 270 (D. Mont. 1996), *aff'd*, 108 F.3d 340, 15 Mont. B.R. 525, 527 (9th Cir. 1997). Specifically, the Ninth Circuit in affirming *Waldo* wrote: "We conclude that Waldo's argument is foreclosed by our recent opinion in *Industrial Comm'n v. Camilli (In re Camilli)*, 94 F.3d 1330, 1334 (9th Cir. 1996), . . . [*cert. denied,* 519 U.S. 1113, 117 S.Ct. 953, 136 L.Ed.2d 840 (1997)], in which we held that a debtor's obligation to a state uninsured employer's fund for worker's compensation benefits paid to the debtor's employee is a nondischargeable excise tax." 15 Mont. B.R. at 526.

The Ninth Circuit later cited the *Camilli* analysis in their 2009 opinion *Lorber*, 564 F.3d at 1101-02, and added a fifth element to the *Lorber* test, i.e., that if a private creditor similarly situated to the government can be hypothesized under the relevant statute, the claim cannot be considered an excise tax. 564 F.3d at 1101-02, citing *George*, 361 F.3d at 1162[2].

### B. Evidentiary Presumption.

This Court discussed its longstanding rule governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

---

of defraying expenses of government or undertaking authorized by it; (c) under the police or taxing power of the state." *Waldo,*, 186 B.R. at 121, quoting *Lorber,* 675 F.2d at 1066.

[2]The fifth element combined two elements from decisions of the Sixth Circuit, *Yoder v. Ohio Bureau of Workers' Comp. (In re Suburban Motor Freight, Inc.)*, 998 F.2d 338 (6th Cir. 1993) (*Suburban I*), and *Ohio Bureau of Workers' Comp. v. Yoder (In re Suburban Motor Freight, Inc.)*, 36 F.3d 484 (6th Cir. 484) (*Suburban II*). The 2 additional *Suburban* elements are (1) that the pecuniary obligation be universally applicable to similarly situated entities; and (2) that according priority treatment to a government claim not disadvantage private creditors with like claims. *See*, *Lorber*, 564 F.3d at 1101.

4

A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount.  F.R.B.P. 3001(f).  The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):

> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.

> * * * *

> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

*See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).

Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the

5

burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell v. Anchor Const. Specialists* was reiterated by the Ninth

Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002). In 2006 the BAP, in

*Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006),

discussed clarification provided by the United States Supreme Court decision *Raleigh v. Ill.*

*Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), regarding the "prima

facie evidence" language in Rule 3001(f):

> The Supreme Court has clarified that the Rule 3001(f) "prima facie evidence" language does not address the burden of proof in an objection to claim proceeding. *Raleigh*, 530 U.S. at 22 n. 2, 120 S.Ct. 1951.

> It follows that, after *Raleigh*, Rule 3001(f) cannot be construed as allocating the burden of proof and, instead, operates merely as an evidentiary presumption that is rebuttable.

> The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. [*Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (9th Cir. BAP 2000)]; *Diamant v. Kasparian (In re So. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1248 (9th Cir. 1999) (although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY ¶ 3007.01[1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006)] ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant"). Hence, at best, Litton's $33,435.46 proof of claim was entitled to the Rule 3001(f) evidentiary presumption, which is capable of being rebutted.

> Assuming, without deciding, that the evidentiary presumption did apply, the mechanics of what it takes to rebut the Rule 3001(f) presumption are driven by the nature of the presumption as "prima facie" evidence of the claims validity and amount. *Garner*, 245 B.R. at 621-22. The proof of claim is more than "some"

> evidence; it is, unless rebutted, "prima facie" evidence. *Id.* One rebuts evidence
> with counter-evidence. *Id.*

347 B.R. at 706-07.

In *Garvida* the objecting debtors satisfied their burden of going forward by proffering evidence at a hearing proving they made payments, and as a result the burden shifted to the creditor to prove the validity and amount of its claim, which it failed when it failed to provide an accounting. 347 B.R. at 702, 707. In the instant case, by contrast, the Debtor offered no witness testimony or exhibits at the hearing. Under *Garvida*, UEF's Proof of Claim No. 2 is entitled to an evidentiary presumption, which is rebuttable. 347 B.R. at 706-07. The only evidence in the record are the four stipulated facts which establish that an employee of the Debtor was injured while the Debtor had no workers' compensation insurance as required by law; UEF accepted the employees claim for benefits; and UEF filed its Proof of Claim No. 2, including a priority claim, interest and penalties. Based upon this record this Court cannot but conclude that the Debtor has failed to rebut the evidentiary presumption of UEF's Proof of Claim, which is therefore *prima facie* evidence of the validity and amount of Proof of Claim No. 2. *Garvida*, 347 B.R. at 706-07.

### C. Parties' Contentions.

The Debtor's brief describes Montana's three-plan workers compensation insurance system comprised of self-insurance, private insurance, and insurance provided by the State of Montana Workers' Compensation State Fund ("State Fund"). Debtor explains that the Uninsured Employer's Fund enables employees who are not insured under any of the 3 plans to receive the same benefits they would have received if their employer had been properly insured,

and punishes the uninsured employer with additional penalties under § 39-71-509 and § 39-71-515.

Debtor contends that Montana's workers' compensation statutes do not impose a tax, but are instead punitive in the form of penalties and loss of defenses. Considering the *Lorber* test, Debtor distinguishes his failure to operate without insurance under any of the 3 Montana workers' compensation plans from Lorber's decision not to obtain a necessary permit, which resulted in a service use fee being imposed on Lorber based on an implied contract. *Lorber Industries of California, Inc.*, 675 F.2d 1062, 1066 (9th Cir. 1982). Although Debtor concedes that more recent Ninth Circuit precedent does not support his position that his decision which resulted in the UEF's claim was not a tax, he contends that his position is supported under the Sixth Circuit's analysis under *In re Suburban Motor Freight, Inc.*, 36 F.3d 484 (6th Cir. 1994). Debtor argues that similarly situated creditors do not receive the same treatment and private creditors with like claims are disadvantaged. *Id.* at 488, 489. Debtor asks that this Court adopt the Sixth Circuit standard from *Suburban Motor Freight*, and deny UEF's claim to priority treatment as an excise tax.

UEF cites the more recent Ninth Circuit *Lorber* decision in 2009 which noted the two additional criteria from *Suburban Motor Freight* which require (1) that the pecuniary obligation be universally applicable to similarly situated entities; and (2) that according priority treatment to a governmental claim not disadvantage private creditors with like claims. UEF notes that the Ninth Circuit did not accept or reject the additional criteria, but instead stated "if a creditor similarly situated to the government can be hypothesized under the relevant statute, the claim cannot be considered an excise tax." *Lorber*, 564 F.3d at 1102, quoting *George*, 361 F.3d at

8

1162.

UEF argues that it is the only entity in Montana which pays the claims of injured workers whose employers do not carry the required workers' compensation coverage, and no other entity can be placed in the same position as the UEF under the relevant statute[3] in terms of seeking reimbursement from an uninsured employer who had an employee sustain an injury on the job. UEF argues that the funding scheme for the UEF has not changed since this Court's decision in *Waldo.*

UEF argues that Montana's UEF is similar to the Arizona system construed in *Camilli*, 94 F.3d at 1334, in that the UEF is limited to seeking reimbursement from the employer of the worker at the time of his or her injury, and that if a worker suffers a cumulative injury only the employer where the injury originally occurred is liable.  UEF contrasts the Montana and Arizona UEF systems with that of California, where another employer could have a competing claim against the uninsured employer if the worker suffers a cumulative injury.  *See Lorber II*, 564 F.3d at 1102-03; *George*, 361 F.3d at 1162-63; Cal. Labor Code § 5500.5.  UEF argues that Montana has no statutory equivalent to Cal. Labor Code § 5500.5 which grants another private creditor a claim for reimbursement.  Instead MONT. CODE ANN. § 39-71-407(13) limits liability for compensation payable for an occupational disease to the employer in whose employment the employee was last injuriously exposed, and UEF cites § 39-71-504(1)(b)[4] for the proposition that

---

[3]UEF notes a possible "narrow" exception under MONT. CODE ANN. § 29-71-407(15) which mirrors the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 931-32.  The exception involving pneumoconiosis is not involved in the instant case.

[4]Section 39-71-504(1)(b) provides:  "The fund shall collect from an uninsured employer an amount equal to all benefits paid or to be paid from the fund to or on behalf of an injured employee of the uninsured employer."

9

the UEF is limited to seeking reimbursement from one employer.  Thus, UEF argues that its

Claim No. 2 meets the criteria to be classified as an excise tax which is nondischargeable under §

507(a)(8)(E) under the reasoning of *Camilli*, that no Montana equivalent exists to the California

statutes which disqualified the state in *Lorber* or *George*, and no private creditor can be

hypothesized in the instant case which is similarly situated to the government seeking

reimbursement.  UEF argues that its claim be allowed.

### D.  Analysis.

As to the original 4 elements of the *Lorber* test, this Court's decision in *Waldo* controls.

In *Waldo* this Court concluded that the UEF's assessments against uninsured employers satisfied

the 4 elements of the *Lorber* test, and as that decision was affirmed by the Ninth Circuit and has

not been reversed, the Court continues to hold that the Debtor's obligation to the UEF in the

instant case for uninsured employer assessment satisfies the 4-part *Lorber* test for purposes of §

507(a)(8).  *Waldo*, 186 B.R. at 123-25[5].

The remaining issue, which the Court put to the parties at the hearing, is whether a private

creditor similarly situated to the government can be hypothesized under the relevant statute, in

which case the claim cannot be considered an excise tax.  *Lorber*, 564 F.3d at 1102; *George*, 361

F.3d at 1162-63.  The Debtor has offered no evidence on the issue sufficient to rebut the

evidentiary presumption given to UEF's Proof of Claim.

The Ninth Circuit in *Lorber* distinguished between the California workers' compensation

Uninsured Fund, where the court noted that it is possible to hypothesize a similarly situated

---

[5]This Court criticized the BAP's majority decision *In re Camilli*, 182 B.R. 247 (9th Cir. BAP 1995) in *Waldo*, 186 B.R. at 122-23, and instead followed the dissent's analysis.  That was vindicated when the Ninth Circuit reversed the BAP.  *See Camilli*, 94 F.3d at 1335.

private creditor under the statutes, with the different scheme under the Arizona workers'

compensation system as discussed in *Camilli*, 94 F.3d at 1334, where the workers' compensation

obligations qualified as excise taxes based on several unique, non-universal characteristics of the

Arizona workers' compensation system. *Lorber*, 564 F.3d at 1102.

The Debtor having failed to offer any evidence that a private creditor similarly situated to

the government can be hypothesized under Montana's UEF statute, this Court is left with its

reasoning in *Waldo*:

> Montana's scheme sets up a separate and discrete uninsured employer's fund (the
> UEF in the instant adversarial proceeding), wholly bifurcated from the state-run
> workers' compensation insurance fund ("Plan Number Three"), and receiving
> absolutely no monies from Plan Number Three in any way shape or form. *See*,
> MONT. CODE ANN. §§ 39-71-501 *et seq.*, 37-71-2211. Rather, UEF's funds come
> solely from involuntary "assessments" (not premiums) levied on uninsured
> employers like Debtor. MONT. CODE ANN. § 37-71-504. Thus UEF's claim
> cannot be construed as a substitute for premiums not paid to the state workers'
> compensation insurance fund, or as a penalty for failure to pay premiums.
> Moreover, *there are certainly no private alternatives competing with the UEF to
> provide benefits to injured employees of uninsured employers.* Because it is a
> purely public scheme funded solely by involuntary assessments against uninsured
> employers, UEF's claim does not compare with those discharged in *Suburban II*
> and *Camilli*[6].

*Waldo*, 186 B.R. at 123 (emphasis added).

*Waldo* was affirmed and remains good law in this district. Debtor failed to point out any

change in the Montana workers' compensation scheme setting up the uninsured employers' fund

based on which this Court could hypothesize a private creditor similarly situated to the UEF.

*Waldo* establishes that there are no private alternatives competing with the UEF. 186 B.R. at

---

[6]The BAP's decision was reversed and remanded with instructions that the bankruptcy
court's decision holding the obligation nondischargeable as a tax be affirmed. *Camilli*, 94 F.3d
at 1331, 1335.

123.  Therefore, the Court concludes that the Debtor has failed to establish that a private creditor similarly situated to the State of Montana UEF can be hypothesized.  *Lorber*, 564 F.3d at 1102; *George*, 361 F.3d at 1162.  Accordingly, the Court concludes that Debtor has failed to rebut the evidentiary presumption to which UEF's Proof of Claim is entitled, and Debtor's Objection must be overruled.

　　　　**IT IS ORDERED** a separate Order shall be entered (1) overruling Debtor's Objection to UEF's Proof of Claim No. 2; and (2) granting the Debtor 14 days to file a further amended plan and setting the hearing on confirmation for November 8, 2012.

　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　HON. RALPH B. KIRSCHER
　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge
　　　　　　　　　　　　　　　　United States Bankruptcy Court
　　　　　　　　　　　　　　　　District of Montana